1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICHOLAS D. MESSERLI, | No. CIV S-05-2461-DFL-CMK-P |
| Plaintiff, | |
| vs. | <u>ORDER</u> |
| ANTHONY J. MALFI, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1), filed on December 6, 2005.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

**I. BACKGROUND**

Plaintiff names the following as defendants: Malfi; Howard; Teegarden; St. Clair; Stogadill; Tennison; and Feichter.  Defendant Malfi is a supervisory defendant; defendants Howard, Teegarden, and Stogadill are doctors; defendants Tennison and Feichter are appeals coordinators.

Plaintiff asserts that, in March 2005, he sought medical care for a serious neck and muscle injury sustained at the prison.  Plaintiff states that, prior to his incarceration, he was under a private doctor's care for the same conditions.  Plaintiff alleges that, after arriving at the prison, his medical issues were ignored for over three weeks until he was eventually seen by defendant Teegarden.  Defendant Teegarden prescribed a mild painkiller.

Plaintiff claims that, even with the medication, he was in so much pain that he could not do anything except stay in bed for the 20 days until his next doctor appointment.  As a result, he missed meals.  Upon complaining about this, plaintiff states that he was told that he had to wait until his next scheduled appointment with defendant Teegarden.  Plaintiff indicates that he filed inmate grievances about this situation, but that they were denied.

/ / /

/ / /

1    Plaintiff next alleges that he was taken to an outside hospital on June 21, 2005,
2 and that the doctor who examined him confirmed his injuries. Plaintiff states that the outside
3 doctor advised him to seek out an orthopedic specialist. Plaintiff alleges that, despite this, he is
4 still only being treated with mild painkillers.

## II.  DISCUSSION

7    Plaintiff's complaint attempts to state a claim based on medical treatment. The
8 treatment a prisoner receives in prison and the conditions under which the prisoner is confined
9 are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual
10 punishment. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . .
11 embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."
12 Estelle v. Gamble, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment
13 only when two requirements are met: (1) objectively, the official's act or omission must be so
14 serious such that it results in the denial of the minimal civilized measure of life's necessities; and
15 (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose
16 of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a
17 prison official must have a "sufficiently culpable mind." See id.

18    Deliberate indifference to a prisoner's serious illness or injury, or risks of serious
19 injury or illness, gives rise to under the Eighth Amendment. See Estelle, 429 U.S. at 105; see
20 also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs.
21 See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently
22 serious if the failure to treat a prisoner's condition could result in further significant injury or the
23 ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th
24 Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors
25 indicating seriousness are: (1) whether a reasonable doctor would think that the condition is
26 worthy of comment; (2) whether the condition significantly impacts the prisoner's daily

1  activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See
2  Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

3        The requirement of deliberate indifference is less stringent in medical needs cases
4  than in other Eighth Amendment contexts because the responsibility to provide inmates with
5  medical care does not generally conflict with competing penological concerns.  See McGuckin,
6  974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to
7  decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.
8  1989).  The complete denial of medical attention may constitute deliberate indifference.  See
9  Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical
10 treatment, or interference with medical treatment, may also constitute deliberate indifference.
11 See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also
12 demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

13       Negligence in diagnosing or treating a medical condition does not, however, give
14 rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a
15 difference of opinion between the prisoner and medical providers concerning the appropriate
16 course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh,
17 90 F.3d 330, 332 (9th Cir. 1996).

18       It is clear from the complaint that plaintiff received some medical treatment from
19 defendant Teegarden.  Thus, this case does not present any claim based on a complete denial of
20 medical treatment.  Here, plaintiff compares what he was told by the outside doctor to the
21 treatment he received from prison officials to conclude that he ". . .was for certain being
22 mistreated. . ." by defendants.  The court finds that plaintiff's claim, as currently stated, amounts
23 to nothing more than a claim of medical malpractice.
24 / / /
25 / / /
26 / / /

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 15-220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 11-110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

///
///
///
///

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint, filed on December 6, 2005, is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

DATED: December 12, 2005.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE